UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

NO. 3:14-CV-00044-JCH

WILLIAM K. OEHNE,              UNITED STATES OF AMERICA,

Appellant,         v.      Appellee.

United States District Court
District of Connecticut
FILED AT   NEW HAVEN
12/12/2017
Roberta D. Tabora, Clerk
By_____ Deputy Clerk

## MOTION TO REOPEN TIME TO APPEAL

William K. Oehne, a pro-se prisoner, hereby moves this Honorable Court to reopen the time to file a notice of appeal, as provided under Federal Rule of Appellate Procedure (F.R.A.P.) 4(a).

### RELEVANT DATES AND EVENTS

December 22, 2016 Federal Rule of Civil Procedure (F.R.Cv.P.) 59(e) motion mailed to Court.

January 20, 2017 Response filed.

March 6, 2017 Reply mailed to Court.

September 5, 2017 Letter to Clerk of Court requesting status of Rule 59(e) motion.

October 30, 2017 Motion requesting status of Rule 59(e) motion mailed to Court.

November 29, 2017 Received from Court: Civil Docket for instant case and a copy of the ruling denying the Rule 59(e) motion, dated March 16, 2017.

### REASONS FOR GRANTING THE INSTANT MOTION

First and foremost, the petitioner has pursued his

claims and remedies diligently. Second, the order disposing of the F.R.Cv.P. 59(e) motion was not received by the petitioner until a copy of the order was mailed in response to the motion requesting the status of the Rule 59(e) motion. Third, the petitioner presents the instant motion and associated documents as quickly as possible.

1.) Acting diligently - The petitioner has nothing to affirmatively indicate when a Court will take action. There are no deadlines imposed upon Courts generally. The petitioner can only wait until a Court takes action, or, alternatively, risk incurring the disfavor of the Court by being too impatient and prematurely requesting the status of the proceedings.

The petitioner knows of other cases that have gone on for many months with no action from the Court. For example, a Rule 60 motion in the Eastern District of New York that has been awaiting adjudication for over two years. After six months, that petitioner began periodically requesting the status of his motion. Each time the Clerk of the Court answered that his motion was docketed and pending before the Court. Therefore the petitioner felt it reasonable to begin by writing a letter to the Clerk of the Court in September, 2017, to request the status of his case. (A copy of the letter is included with this motion).

When no answer to the letter was received, a motion was submitted requesting the same information.

2.) Received no notice of the Court's ruling - While it is not possible to prove a negative, the petitioner knows there is no proof that the Court's order was delivered to the petitioner

until it arrived in the mailing received on November 29, 2017.

The petitioner has previously mentioned problems with the mailroom here at USP Tucson. As the Court knows, an inmate's mail will be treated as "legal mail" or "special mail" ONLY if it is labeled precisely as prescribed by the BOP. When labeled correctly, a log is kept noting when the mail is delivered, a signature of the inmate is required, and the envelope is date- and time-stamped. Otherwise, the mail is treated as "general correspondence" and there is no record kept.

At bottom, the Court's order of March 6, 2017 never was delivered to the petitioner. Also, please see the included declaration.

3.) The petitioner has previously noted the hurdles facing pro-se prisoners when it comes to preparing legal documents. Suffice to say here that all of the problems noted before still exist and this motion was prepared as quickly as possible.

Since time is short, the petitioner must rely upon the Court's sense of fairness. The letter to the Clerk of the Court could be construed as a request to reopen the time to file a notice of appeal as this was done within the 180-day period prescribed by F.R.A.P. 4(a)(6)(B), or the Court could find that the instant motion satisfies the 14-day period under the same rule. Also, the Court could, under the wide discretion inherent in its power, conceivably grant the motion for another reason and the petitioner would not wish to limit the choices to only F.R.A.P. 4(a)(6).

The petitioner respectfully suggests that the fundamental fairness implicit in the Due Process Clause of the Fifth Amendment, and the reasons stated herein, render his failure to timely file a notice of appeal excusable.

## CONCLUSION

The petitioner respectfully requests that this Honorable Court grant the instant motion and accept for filing the enclosed notice of appeal.

I swear, under penalty of perjury, as provided for in Title 28 U.S.C. § 1746, that the foregoing is true and correct.

Respectfully submitted,                          December 6, 2017

*/s/ William K. Oehne*

William K. Oehne. Reg.No. 34898-183

United States Penitentiary, Tucson

Post Office Box 24550

Tucson, Arizona 85734

CERTIFICATE OF SERVICE

I certify that the foregoing motion was placed in the prison legal-mail system, with first-class postage affixed thereto, addressed to the following:

United States District Court
Office of the Clerk
141 Church Street
New Haven, Connecticut 06510

I do not believe it is necessary to serve the prosecution with a copy of the motion unless otherwise ordered by the Court.

I swear, under penalty of perjury, as provided for in Title 28 U.S.C. § 1746, that the foregoing is true and correct.

_William K. Oehne_                                      December 6, 2017

William K. Oehne

## DECLARATION

The primary purpose of this declaration is to state, in no uncertain terms, that the Court's order denying the motion for reconsideration (filed on March 16, 2017) was never delivered to the undersigned until November 29, 2017.

The enclosed copies of the (a) letter to the Clerk of Court and (b) time- and date-stamped envelope (which contained the Court's order of March 16, 2017) are true representations of those items.

The information contained in the motion to reopen the time for filing a notice of appeal is true and correct and is submitted in good faith and not for delay.

I swear, under penalty of perjury, as provided for in Title 28 U.S.C. § 1746, that the foregoing is true and correct.

_William K. Oehne_                                December 6, 2017

William K. Oehne

CLERK'S OFFICE
**U.S. DISTRICT COURT**
141 CHURCH STREET
NEW HAVEN, CT 06510

OFFICIAL BUSINESS

ROBERTA D. TABORA

NEOPOST
11/22/2017
US POSTAGE $00

William K. Oehne #34898-183
United States Penitentiary, Tucson
P.O. Box 24550
Tucson, AZ 85734

EOI- 210U

LEGAL MAIL
OPEN IN PRESENCE
OF PRISONER

11-29-17

United States District Court  
Office of the Clerk  
141 Church Street  
New Haven, Connecticut 06510

September 5, 2017

Re: William K. Oehne  
Case No.: 3:14-cv-00044-JCH

Dear Madam or Sir:

The purpose of this letter is to inquire about the status of my pending F.R.Cv.P. 59 Motion.

Please understand that I am merely trying to keep abreast of events should any action occur. In other words, exercising due diligence. This is because here at USP Tucson, mail is not always delivered to prisoners. There are numerous complaints against the mailroom concerning the handling of legal mail. To be clear, I am not suggesting that the Court should act in any way, I am just requesting the status of my Rule 59 motion. Thank you.

Sincerely,

William K. Oehne 34898-183  
U.S. Penitentiary  
P.O. Box 24550  
Tucson, AZ 85734